IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FALASHA ALI,

      **Plaintiff,**

      v.                              CASE NO.  20-3291-SAC

D. HUDSON, Warden,
USP-Leavenworth,

      **Defendant.**

## O R D E R

Plaintiff filed this *pro se* civil rights action alleging his commissary purchases were going to be illegally confiscated without monetary compensation upon his pending transfer. At the time of filing, Plaintiff was confined at USP-Leavenworth in Leavenworth, Kansas. Plaintiff names the USP-Leavenworth Warden as the sole defendant and seeks monetary compensation. On November 24, 2020, the Court entered a Notice of Deficiency (Doc. 2) directing Plaintiff to submit his complaint on the Court-approved form and to either pay the civil action filing fee or file a motion to proceed *in forma pauperis* by December 24, 2020. The order provided that failure to cure the deficiencies by the Court's deadline may result in dismissal without prejudice and without further notice.

Plaintiff sought an extension of time to comply, and the Court extended the deadline for compliance to January 29, 2021. The Court's order extending the deadline (Doc. 4) was returned as undeliverable. (Doc. 5.) Plaintiff was transferred to USP – Pollock in Pollock, Louisiana. On February 9, 2021, the Court entered an order (Doc. 7) granting Plaintiff until March 1, 2021, in which to comply with the Court's Notice of Deficiency at Doc. 2. The order provides that "[f]ailure to comply by this deadline may result in dismissal of this action without prejudice and

without further notice for failure to comply with court orders." (Doc. 7, at 1.) Plaintiff has failed to respond by the Court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to respond to the Notice of Deficiency has passed without a response from Plaintiff. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated March 5, 2021, at Topeka, Kansas.

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**